UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYNNE M. GIBSON,

    Plaintiff,

v.                                Case No:   6:18-cv-1742-Orl-40TBS

JETBLUE AIRWAYS CORP.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Strike Affirmative Defenses (Doc. 52). Defendant opposes the motion (Doc. 54).

Plaintiff Lynne M. Gibson, Ph.D. was hired by Defendant JetBlue Airways Corp. to work as a Senior Analyst, Assessment and Evaluation, working on the Assessment, Measurement, & Evaluation team at JetBlue University (Doc. 1, ¶ 9). Plaintiff complains that she was terminated on account of her age and race (Doc. 1). Defendant states that it fired Plaintiff because her "'job performance was objectively inferior to every other person on her team.'" (Id., ¶ 34). Plaintiff is currently employed as an adjunct professor at the University of Central Florida (Doc. 51 at 1; Doc. 53-1 at 6).

When Defendant answered the complaint it asserted the following twelve affirmative defenses[1]

> **First Affirmative Defense**
> Defendant asserts that it has made good-faith efforts to prevent discrimination and harassment in the workplace, and thus, cannot be liable for the decision of its agents, or for punitive damages, to the extent the challenged employment

---

[1] In the numbering sequence, Defendant skipped number eleven (Doc. 50 at 11).

decisions were contrary to its efforts to comply with anti-discrimination and anti-harassment statutes.

### Second Affirmative Defense
To the extent that Defendant discovers evidence of wrongdoing by Plaintiff, including Plaintiff's misrepresentations to obtain leave and her improper retention of confidential and proprietary information, Defendant hereby invokes the after-acquired evidence rule to preclude an award of reinstatement or front pay/back pay past the time at which Defendant discovered the new evidence.

### Third Affirmative Defense
Defendant asserts that Plaintiff's damages, if any, must be reduced, in whole or in part, because of Plaintiff's failure to mitigate damages, and further, that any interim earnings or amounts earnable with due diligence by Plaintiff reduces any entitlement to back pay. In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

### Fourth Affirmative Defense
Defendant asserts that it is not liable for any alleged wrongful actions taken by its employees that were taken outside the scope and course of their duties and were not authorized, condoned, or ratified by Defendant.

### Fifth Affirmative Defense
Defendant avails itself of the same actor inference since the same person both hired and discharged Plaintiff, knowing her age and/or race.

### Sixth Affirmative Defense
Defendant asserts that in the event of an adverse judgment, Plaintiff is not entitled to recovery of multiple damages based upon a common nucleus of operative facts.

### Seventh Affirmative Defense
Plaintiff is not entitled to recover punitive and/or liquidated damages against Defendant because Defendant acted in good faith and did not intentionally discriminate against Plaintiff, did not willfully (or otherwise) violate the ADEA, and did not act with malice or reckless indifference to Plaintiff's protected rights under the ADEA, FCRA, and/or 42 U.S.C. § 1981.

### Eighth Affirmative Defense
Defendant took affirmative measures to provide a workplace free from unlawful discrimination, including promulgating

> equal employment opportunity and antiharassment policies.
> Therefore, Plaintiff's claims for punitive damages, to the extent
> she makes a claim for same, are barred.
>
> **Ninth Affirmative Defense**
> Reinstatement is not an appropriate remedy because Plaintiff
> is not qualified for her position or any comparable position.
>
> **Tenth Affirmative Defense**
> Defendant asserts that all actions challenged by Plaintiff were
> job related and consistent with business necessity.
>
> **Twelfth Affirmative Defense**
> Defendant asserts that in the event of an adverse judgment,
> any award of compensatory and punitive damages combined
> are limited to the statutory caps under the FCRA.
>
> **Thirteenth Affirmative Defense**
> Further defending, to the extent that Plaintiff's alleged injuries
> or damages were incurred or exacerbated by Plaintiff's acts,
> or failures to act, Plaintiff's damages are barred or must be
> reduced pursuant to the doctrine of avoidable consequences.

(Doc. 50).

Plaintiff is asking the Court to strike all of these affirmative defenses on the grounds that: (a) certain defenses are denials, not affirmative defenses; (b) the "to the extent" defenses are insufficient to show that they are plausible or applicable to the case; (c) the defenses are not supported by facts; and (d) defense Thirteen does not apply to the claims asserted by Plaintiff (Doc. 52 at 6-10).

The motion includes Plaintiff's counsel's certificate that she "conferred with all parties or non-parties who may be affected by the relief sought in this motion to resolve the issues, including by providing a draft of this motion to defense counsel for review. This motion addresses issues that were not resolved." (Doc. 52 at 10). The record shows that before the motion was filed, Plaintiff's lawyer sent the following email to the defense:

> Attached for your review is a motion to strike defendant's
> affirmative defenses, which addresses why the defenses are

> deficient. If you would like to discuss the motion, please let me know.
>
> Otherwise, please let me know if any of the defenses will be withdrawn or amended so I can know if they need to be excluded from the motion. Please let me know your position by Tuesday, I would like to file the motion by then.
>
> Thanks,

(Doc. 54-1 at 2). Defense counsel responded with a five-page letter filled with points and authorities supporting the affirmative defenses (Doc. 54-2 at 2). Plaintiff's lawyer responded:

> It appears from your attached letter that after reviewing the draft motion, defendant does not intend to amend or withdraw any of the affirmative defenses. If that is incorrect, please let us know before the close of business today. I will try to reach you shortly by telephone to confirm your position.
>
> As to authorities supporting the motion to strike, I provided a draft of the motion with citations to supporting authorities, including several that have granted motions to strike similar defenses. We seek only to narrow the issues that need to be litigated and was hopeful that defendant would agree to either amend or withdraw the defenses addressed to narrow the issues that the court would need to address.
>
> Thanks,

(Doc. 54-3 at 2). After sending this email Plaintiff's lawyer called defense counsel "not to discuss the merits of the Motion to Strike or JetBlue's correspondence, but solely to confirm that JetBlue was not voluntarily withdrawing its affirmative defenses. Plaintiff filed the Motion to Strike shortly thereafter." (Doc. 54 at 8).

These communications did not satisfy Local Rule 3.01(g) which requires that counsel truly meet and confer before most motions are filed. As the Court explained in its Case Management and Scheduling Order: "The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the

motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely 'attempt' to confer have not 'conferred.'" (Doc. 30, § II.A) (emphasis in original). For this reason, the motion is **DENIED without prejudice**.

Turning to the relevant rules and case law, "[a]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting Fla. East Coast Ry. Co. v. Peters, 73 So. 151 (Fla. 1916)); Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.").

The defendant should "state in short and plain terms its defenses to each claim asserted against it," FED. R. CIV. P. 8(b)(1)(A), and "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citing In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)).

The Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The purpose of a motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Wiand v. Wells Fargo Bank, N.A., 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting Slone v. Judd, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)). However, "[a]bsent a showing of prejudice, a motion to strike does nothing to advance the litigation, and the Court will not strike allegations 'to merely polish the pleadings.'" Auto-Owners Ins. Co. v.

Noble, No. 618CV2065ORL40TBS, 2019 WL 1468525, at *1-2 (M.D. Fla. Feb. 19, 2019) (citing Duramed Pharm., Inc. v. Watson Labs., Inc., No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008)); see also Michael v. Clark Equip. Co., 380 F.2d 351, 352 (2d Cir. 1967) (Time spent trying to get the pleadings in better shape "is usually wasted.").

"Striking an affirmative defense is a 'drastic remedy to be resorted to only when required for the purposes of justice.'" Auto-Owners Ins. Co., 2019 WL 1468525, at *2 (citing Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). Motions to strike are ordinarily "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id. Motions to strike are generally disfavored and are often considered "time wasters." Id.; see also Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla.1996); Carlson Corp. v. The School Bd. of Seminole Co., Fla., 778 F. Supp. 518, 519 (M.D. Fla. 1991).

Applying the applicable standard, Defendant's affirmative defenses, while not an example of exemplary pleading, suffice for litigation purposes. To the extent Plaintiff has succeeded in pointing out deficiencies in the defenses, those flaws are not so substantial or serious that the defenses need to be stricken to do justice in the case.

Defendant's First and Seventh Affirmative Defenses assert a "good faith" defense to liability. "The good faith defense may serve to reduce damages even if everything alleged in the Complaint is true." Curry v. High Springs Family Practice Clinic and Diag. Ctr., Inc., No. 1:08-cv-00008-MP-AK, 2008 WL 5157683, at *3 (N. D. Fla. Dec. 9, 2008); see Castle v. Sangamo Weston, Inc., 837 F.2d 1550 (11th Cir. 1988). Therefore, Plaintiff's motion to strike these defenses is **DENIED**.

Defendant's Second Affirmative Defense adequately places Plaintiff on notice of Defendant's intent to assert the after acquired evidence defense. See Kovelesky v. First Data Corp., 534 F. App'x 811, 815 (11th Cir. 2013). Accordingly, the motion to strike this defense is **DENIED**.

Defendant's Third Affirmative Defense concerning Plaintiff's failure to mitigate damages gives Plaintiff adequate notice of Defendant's assertion in opposition to her request for punitive damages. Therefore, the motion to strike this defense is **DENIED**. See FAST SRL v. Direct Connection Travel LLC, 330 F.R.D. 315, 320 (S.D. Fla. 2018).

Defendant's First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Affirmative Defenses are alleged with enough particularity to put Plaintiff on notice of what is being claimed. Enough information is provided for Plaintiff to take discovery, engage in motion practice, and try the averments. Accordingly, the motion to strike these defenses is **DENIED**.

The Ninth and Tenth Affirmative Defenses are more than simple denials of Plaintiff's claims. The Ninth defense challenges a remedy Plaintiff may seek, and the Tenth defense provides a possible justification for Defendant's actions. Therefore, the motion to strike these defenses is **DENIED**.

Whether Defendant's Twelfth Affirmative Defense invoking the FCRA's cap on punitive damages is an affirmative defense appears to be undecided.[2] See Shedrick v. Dist, Bd. of Trustees of Miami-Dade College, 941 F. Supp. 2d 1348, 1362 n. 6 (S.D. Fla. 2013) ("Regarding the FCRA specifically, the parties have cited no authority addressing the issue of whether the FCRA's prohibition on punitive damages against state entities

---

[2] Based upon the parties' research.

must be pled as an affirmative defense, and the Court has found none. Given the similarities of the ¶ 1981a and FCRA schemes, the Court finds the § 1981a analysis above analogous to the FCRA. Accordingly, for the foregoing reasons, the Court finds that § 1981a and the FCRA present a complete bar to recovery of punitive damages and are not affirmative defenses that must be pled.") (citing <u>Adams v. JP Morgan Chase Bank, N.A.</u>, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011). Assuming arguendo, that the Twelfth Affirmative Defense is not a defense at all,[3] it may still be relevant to this controversy, it does not confuse the issues, and it does not unfairly prejudice Plaintiff. Therefore, it remains in the case, at minimum, as a further denial of Plaintiff's claims.

Defendant's Thirteenth Affirmative Defense is relevant to Plaintiff's claim for back pay and gives adequate notice of what is being asserted. Accordingly, the motion to strike this defense is **DENIED**. <u>See</u> <u>Zens v. Sitek Corp.</u>, Case No. 6:09-cv-1794-Orl-18GJK, 2010 WL 11626527 (M.D. Fla. Jan. 25, 2010); <u>PNC Bank, N.A. v. Family Internal Medicine, P.A.</u>, Case No. 6:13-cv-1973-Orl-31TBS, 2014 WL 12618714, at *3 (M.D. Fla. May 22, 2014).

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[3] A question this Court does not decide.