UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYNNE M. GIBSON,

    Plaintiff,

v.                                       Case No:   6:18-cv-1742-Orl-40TBS

JETBLUE AIRWAYS CORP.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Compel Better Responses to Discovery (Doc. 56). Defendant opposes the motion (Doc. 58).

### Background

Plaintiff Lynne M. Gibson, Ph.D. was hired by Defendant JetBlue Airways Corp. to work as a Senior Analyst, Assessment and Evaluation, working on the Assessment, Measurement, & Evaluation team at JetBlue University (Doc. 1, ¶ 9). Approximately seven months after Plaintiff was hired, she was fired (Doc. 53 at 1). Plaintiff complains that she was terminated on account of her age and race (Doc. 1). Defendant maintains that it fired Plaintiff because her "'job performance was objectively inferior to every other person on her team.'" (Id., ¶ 34).

This motion concerns requests for production and interrogatories Plaintiff served on January 11, 2019 (Doc. 58-1; Doc. 58-2). Defendant responded to the discovery on February 28, 2019 (Doc. 58-3; Doc. 58-4). Plaintiff was not satisfied with the responses and after counsel conferred, Defendant supplemented its responses (Doc. 58-5; Doc. 58-6; Doc. 56 at 2). Plaintiff was still not satisfied and on May 30, 2019 sent a draft version of the motion to compel to Defendant (Doc. 58-7). Defendant provided a written response to the draft motion on June 5, 2019 (Doc. 58-8). On June 14, 2019 counsel met and

conferred on various discovery issues and on June 17 (the day discovery closed), Plaintiff filed this motion (Doc. 58 at 9; Doc. 56).

## Discussion

Plaintiff seeks to compel better responses to the following discovery.

> **Request for Production No. 13**: The personnel files, including, but not limited to, those documents and writings used to determine plaintiff's qualifications for employment, promotions, transfers, salary, raises, pension eligibility, termination or other disciplinary action for:
>
> a. Ms. Kramer
>
> b. Curran Merrigan
>
> c. Jessica Thompson
>
> **Response**: Defendant objects to this Document Request on grounds it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of this single-plaintiff case, and lacks sufficient precision to permit a response. Specifically, this Document Request is unlimited in time and unreasonably demands, without any qualification or limitation whatsoever, that Defendant produce "[t]he personnel files, including but not limited to, those documents and writings used to determine plaintiff's qualifications for employment, promotions, transfers, salary, raises, pension eligibility, termination or other disciplinary action for…Ms. Kramer…Curran Merrigan…[and] Jessica Thompson." However, the phrases "documents and writings" are neither limited nor defined, and are susceptible to multiple interpretations. Further, This Document Request also lacks sufficient precision to permit a response in that it is unclear how "[t]he personnel files…used to determine plaintiff's qualifications" have anything to do with "Ms. Kramer…Curran Merrigan…[and] Jessica Thompson."
>
> Defendant also objects to this Document Request to the extent that it seeks confidential, sensitive and personal information the disclosure of which would invade the privacy rights of current and/or former employees of JetBlue who are not parties to this action.

(Doc. 56-2 at 12-13).

The request, as written, does not make sense. In fact, what Plaintiff wants are the personnel files for three of Defendant's employees she believes are potential comparators (Doc. 56 at 2-7). Defendant has only produced the file for Kramer who, it contends, is the only one of the three who is a true comparator (Doc. 58 at 13-15).

Defendant's objections to the request are, for the most part boilerplate. Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." Defendant's boilerplate objections are overruled.

The Court does not believe Defendant's claim that it cannot respond because "the phrases 'documents and writings' "are neither limited nor defined, and are susceptible to multiple interpretations." The Court finds these objections disingenuous and they are overruled.

The Court is concerned about the employees' interest in protecting any private or confidential information in their personnel files. Plaintiff argues that this concern is adequately addressed by the parties' confidentiality stipulation (Doc. 56 at 3). But that argument fails to explain why Plaintiff should have access to the entire files. Experience teaches that personnel files frequently contain information that has nothing to do with a person's qualifications, discipline, or discharge. For example, the files may contain the employees' health and benefit plan selections which, as far as the Court can tell, have nothing to do with this controversy.

Plaintiff argues that the personnel files for Merrigan and Thompson are relevant to show how other employees who engaged in similar conduct were disciplined or

discharged (Id. at 5-6). In its memorandum, Defendant counters that Merrigan and Thompson are not similarly situated in all material respects because they held different job titles and responsibilities, with differing levels of supervision, and were therefore evaluated differently (Doc. 58 at 14). It is relevant that similarly situated employees were treated differently, however, Merrigan and Thompson's positions within Defendant are too dissimilar to Plaintiff's to justify this request for their entire personnel files. That these employees are dissimilar was confirmed in Therese Schmidt's deposition testimony (Doc. 58-10 at 2-3). Therefore, even though this objection was not properly asserted in Defendant's response to the request for production, the motion to compel the Merrigan and Thompson personnel files is **DENIED**.

> **Request for Production No. 21**: All documents relating to administrative charges of discrimination (e.g., with the Equal Employment Opportunity Commission or any similar state or local agency), or any civil action alleging employment discrimination based age, filed by any employee of defendant within the past five years.
>
> **Response**: Defendant objects to this Document Request on grounds it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of this single-plaintiff case, and lacks sufficient precision to permit a response insofar as it is not limited to the relevant time period and decisional unit. Further, Defendant objects to this Document Request on grounds it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this single-plaintiff case given its use of the terms "all" and "relating", which are neither limited or defined, and which are susceptible to different interpretations[.] Moreover, Defendant objects to this Document Request to the extent it seeks documents that are immune from discovery pursuant to the attorney-client privilege and/or work-product doctrine.
>
> Additionally, Defendant objects to this Document Request to the extent it seeks publicly-filed court records, which are equally available to Plaintiff. Defendant also objects to this Document Request to the extent it seeks confidential, sensitive and personal information the disclosure of which would invade the privacy rights of current and/or former employees of JetBlue who are not parties to this action.

(Doc. 56-2 at 18-19).

Once again, Defendant's boilerplate and what the Court believes are disingenuous objections are overruled. Plaintiff argues that she is entitled to this information because evidence of Defendant's prior acts of discrimination against others is relevant and discoverable (Doc. 56 at 8-10). The Court disagrees. Plaintiff's request for national discovery is overbroad and unlikely to lead to admissible evidence because the termination decision in this case was made at the local level, by a local supervisor (Doc. 1, ¶ 23; Doc. 58 at 17). "[W]here 'the employment decisions were made locally,' even in the context of a nationwide [reduction in force], 'discovery on intent may be limited to the employing unit.'" Jones v. RS&H, Inc., Case No. 18-13068, 2019 WL 2323783, at *4 (11th Cir. 2019) (citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1085 (11th Cir. 1990)). "Only if it's 'clear that nationwide practices are relevant' should discovery expand beyond the confines of the local units of a corporation.'" Id. (citing Brown v. Am. Honda Motor Co., 939 F.2d 946, 954 (11th Cir. 1991)). Plaintiff's allegations concern her experience at Defendant's local office. She has not shown that the discovery she seeks is relevant and/or likely to lead to admissible evidence and therefore, her motion to compel this discovery is **DENIED**.

> **Interrogatory No. 1**: Please provide the name, address (business and residential), telephone numbers (business and residential), place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings, and the state [sic] the specific nature and substance of the knowledge that you believe each person may have including, but not limited to identifying the "certain events and occurrences related to Plaintiff's employment relevant to the complaint and JetBlue's answer and defenses thereto" referenced in defendant's Rule 26 disclosure.

- 5 -

**Interrogatory No. 2**: As to defendant's decision to suspend plaintiff, please describe the decision-making process, including:

  a. the identity (by name, job title, business and residence addresses and telephone numbers) and describe the role of each person involved in the decision-making process and the job title for each position;

  b. the reasons for the decision, including the date on which the decision was made;

  c. all documents (including the title, author, date and custodian) that were reviewed or created during the decision-making process, or created afterwards to memorialize or explain the decision.

**Interrogatory No. 3**: As to each decision to discipline plaintiff, please describe the decision-making process, including:

  a. the identity (by name, job title, business and residence addresses and telephone numbers) and describe the role of each person involved in the decision-making process and the job title for each position;

  b. the reasons for the decision, including the date on which the decision was made;

  c. all documents (including the title, author, date and custodian) that were reviewed or created during the decision-making process, or created afterwards to memorialize or explain the decision.

**Interrogatory No. 4**: As to defendant's decision to terminate plaintiff, please describe the decision-making process, including:

  a. the identity (by name, job title, business and residence addresses and telephone numbers) and describe the role of each person involved in the decision-making process and the job title for each position;

  b. the reasons for the decision, including the date on which the decision was made;

    c.    all documents (including the title, author, date and custodian) that were reviewed or created during the decision-making process, or created afterwards to memorialize or explain the decision.

**Interrogatory No. 5**: As to defendant's decision to reassign work from Plaintiff to Lauren Kramer, please describe the decision-making process, including:

    a.    the identity (by name, job title, business and residence addresses and telephone numbers) and describe the role of each person involved in the decision-making process and the job title for each position;

    b.    the reasons for the decision, including the date on which the decision was made;

    c.    all documents (including the title, author, date and custodian) that were reviewed or created during the decision-making process, or created afterwards to memorialize or explain the decision.

**Response to Interrogatory No. 1**: Defendant objects to this Interrogatory on grounds it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this single-plaintiff case insofar as, when using Plaintiff's definition of "you", a comprehensive list of such persons is not available to JetBlue and cannot be compiled without undue labor and expense. Moreover, Defendant objects to this Interrogatory to the extent it calls for a lengthy narrative and therefore seeks information which can be better obtained through less burdensome and more practicable means (e.g., by deposition testimony). Defendant further objects to this Interrogatory as premature insofar as discovery is ongoing.

Defendant also objects to this Interrogatory to the extent that it seeks confidential, sensitive and personal information the disclosure of which would invade the privacy rights of current and/or former employees of JetBlue who are not parties to this action and that would be contrary to the prohibition against ex parte communication with represented persons. Defendant further objects to this Interrogatory to the extent it requests Defendant to obtain information that is possessed by, and thus, equally available to Plaintiff, insofar as she is obligated to have a basis for the facts alleged in her Complaint.

Subject to and without waiving its objections,[1] and with the understanding that the request seeks the identity of persons that Defendant believes to have knowledge of the claims or defenses in the pleadings based on its reasonable investigation at this nascent stage of the case, Defendant states as follows:

1. Therese Schmidt
Supervisor, Manager of AME. Team (former)
[REDACTED]
For purposes of this litigation, Ms. Schmidt should be contacted via undersigned counsel, Akerman LLP.

2. Robin King
Human Resources Manager
JetBlue Airways Corporation
C/O Akerman LLP

3. Jeff Kruse
Director of Inflight and Systems Operations Training
JetBlue University
JetBlue Airways Corporation
C/O Akerman LLP

4. Aleli Anderson
Manager Learning Design
JetBlue University
JetBlue Airways Corporation
C/O Akerman LLP

5. Warren Christie
Special Vice President Safety, Security and Fleet Operations
JetBlue University
JetBlue Airways Corporation
C/O Akerman LLP

Defendant reserves the right to identify additional individuals likely to

---

[1] Although not argued by Plaintiff, when a party answers an interrogatory "subject to and without waiving its objections" it "preserves nothing and wastes the time and resources of the parties and the court." Martin v. Zale Del., Inc., No. 8:08-cv-47-T-27EAJ, 2008 WL 5255555, *2 (M.D. Fla. Dec.25, 2008); Harleysville-Atlantic Ins. Co. v. CB Contractors, LLC, No. 6:17-cv-258-Orl-28GJK, 2017 WL 8948386, at *2 (M.D. Fla. June 9, 2017) ("Harleysville responds to most of the requests for production by raising objections, such as irrelevancy, vagueness, overly broad, and unduly burdensome, and then attempts to preserve the objections by asserting that although it will produce the documents, it is not waiving the objections. By asserting that it will produce the documents, Harleysville did waive its objections, other than those based on privilege and confidential and proprietary information constituting trade secrets, regardless of its assertion to the contrary.").

have discoverable information that it may use to support its defenses in accordance with the federal and local rules of procedure.

**Response to Interrogatories 2-5**: Defendant objects to this Interrogatory on grounds it is overly broad, vague, and ambiguous given its use of the phrase "describe the decision-making process," which is neither limited nor defined, and which is susceptible to different interpretations. Defendant further objects to the Interrogatory's request to identify "all documents" insofar as it is overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Moreover, Defendant objects to this Interrogatory to the extent it calls for a lengthy narrative and therefore seeks information which can be better obtained through less burdensome and more practicable means (e.g., by deposition testimony).

Additionally, Defendant objects to this Interrogatory to the extent that it seeks confidential, sensitive and personal information the disclosure of which would invade the privacy rights of current and/or former employees of JetBlue who are not parties to this action and that would be contrary to the prohibition against *ex parte* communication with represented persons.

Defendant further objects to this Interrogatory to the extent it seeks information regarding confidential communications between attorney and client or materials prepared by counsel in anticipation of litigation which contain the mental impressions, legal theories, or conclusions of Defendant's counsel on the grounds that said information is protected from disclosure by the attorney-client privilege and/or the work-product doctrine...

[Last Paragraph of Response to Interrogatory 2: Subject to and without waiving its objections, and with the understanding that the Interrogatory seeks information regarding the decision to suspend Plaintiff, Defendant states that Therese Schmidt and Robin King were involved in the decision to suspend Plaintiff's employment from JetBlue on or around January 14, 2016. By way of further response, in accordance with FED. R. CIV. P. 33(c), JetBlue refers Plaintiff to the documents produced hereto bearing Bates stamps JB-000342-403 and 471-884.

. . . .

Last Paragraph of Response to Interrogatory 3: Subject to and without waiving its objections, and with the understanding that the Interrogatory seeks information regarding the decision to issue progressive discipline to Plaintiff, Defendant states that

- 9 -

>> Therese Schmidt and Robin King were involved in the decision-making process to issue Plaintiff a Crewmember Electronic Progressive Guidance Form on or around December 15, 2015, and suspend Plaintiff's employment from JetBlue and issue her another Crewmember Electronic Progressive Guidance Form on or around January 14, 2016. Defendant further states that Therese Schmidt made the decision to terminate Plaintiff. In accordance with JetBlue's practices, on or around January 26, 2016, Ms. Schmidt's decision was made in consultation with JetBlue's People Department (specifically, Robin King) and with the approval of her supervisor, Warren Christie. In accordance with FED. R. CIV. P. 33(c), JetBlue refers Plaintiff to the documents produced hereto bearing Bates Stamps JB-000342-403 and 471-884.
>
> . . . .
>
> Last Paragraph of Response to Interrogatory 4: Subject to and without waiving its objections, and with the understanding that the Interrogatory seeks information regarding the decision to terminate Plaintiff. In accordance with JetBlue's practices, on or around January 26, 2016, Ms. Schmidt's decision was made in consultation with JetBlue's People Department (specifically, Robin King) and with the approval of her supervisor, Warren Christie. In accordance with FED. R. CIV. P. 33(c), JetBlue refers Plaintiff to the documents produced hereto bearing Bates Stamps JB-000342-403 and 471-884.
>
> Last Paragraph of Response to Interrogatory 5: Subject to and without waiving its objections, Defendant states that after a reasonable inquiry it was unable to identify any assignments of Plaintiff that were re-assigned to Lauren Kramer during Plaintiff's employment. As to the remainder of the Interrogatory, Defendant states that it will endeavor to search for, and, if appropriate, produce relevant and proportional information and/or documentation to this Interrogatory should Plaintiff clarify and appropriately limit the scope of, the information sought by this Interrogatory.]

(Doc. 58-3 at 3-12).

"The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). Defendant's non-specific and boilerplate objections to these interrogatories are overruled. Defendant's objection that the interrogatories are "overly broad, vague, and ambiguous given its use of the phrase 'describe the decision-making

- 10 -

process,' which is neither limited nor defined, and which is susceptible to different interpretations" are also overruled because the Court simply doesn't believe Defendant.

Plaintiff represents that she needs this information to, among other things, serve subpoenas and conduct her own investigation of the witnesses (Doc. 56 at 19). Plaintiff got contact information for some witnesses during depositions, but she still needs the information for others, including Anderson and Christopher (Doc. Id., at 17).

Defendant argues that it should not be compelled to provide personal contact information for its current employees because it obtained this information with the understanding that it would be kept confidential and disclosure would violate the employees' privacy rights (Doc. 58-8 at 3). The Court is not persuaded by this argument. If for example, Defendant believed it might use any of these people as witnesses to support its claims and defenses then it was obligated to provide their names, addresses and telephone numbers. FED. R. CIV. P. 26(a)(1).

Defendant also claims that some of these employees "have substantial confidential and attorney-client privileged information" (Id.). If Plaintiff wants to contact its employees then Defendant says, she should go through Defendant's attorneys (Id.). Still, Defendant offered to provide the contact information if Plaintiff would commit to not make *ex parte* contact with the witnesses and Plaintiff refused (Doc. 58 at 12). Defendant's objections rely in part on Florida Bar Rule of Professional Conduct 4–4.2 which provides:

> In representing a client, a lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. Notwithstanding the foregoing, a lawyer may, without such prior consent, communicate with another's client to meet the requirements of any court rule, statute or contract requiring notice or service of process directly on a person, in which event the communication is strictly restricted to that required by the court rule, statute or contract, and a copy must be provided to the person's lawyer.

Rule 4–4.2(a). Defendant fears that if Plaintiff obtains the contact information she seeks

then her lawyers may engage in unethical communications with Defendant's current employees (Id.). Presumably, Plaintiff's refusal to agree not to engage in *ex parte* communications has heightened Defendant's concern.

Defendant also argues that the motion to compel should be denied because Plaintiff has not provided a legitimate reason why she needs the information, particularly now that discovery has closed (Id., at 12-13). More particularly, Defendant represents that the information is not needed because it "has never refused to produce these witnesses" and Plaintiff chose not to depose them (Id.).

The Court fails to understand why the motion to compel these interrogatories was filed on the day discovery closed. The parties have already exchanged almost 15,000 documents and taken ten depositions, including two expert witnesses and two fact witnesses who also provided testimony as corporate representatives pursuant to FED. R. CIV. P. 30(b)(6) (Id., at 3). If Plaintiff genuinely needs this information, then she should have sought to compel it much earlier in the case. At this time the Court is not persuaded that the discovery is needed, or, if it is really needed, that Plaintiff was diligent in pursuing the information. Accordingly, the motion to compel interrogatories 1-5 is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record