**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LYNNE M. GIBSON,

    Plaintiff,

v.                                               Case No:   6:18-cv-1742-Orl-40TBS

JETBLUE AIRWAYS CORP.,

    Defendant.

## ORDER

This employment discrimination case comes before the Court without a hearing on Defendant JetBlue Airways Corporation's Renewed Unopposed Motion to File Materials Under Seal (Doc. 70). Defendant seeks leave of Court to file under seal, for summary judgment purposes, a portion of its People Department Recommendation and Findings concerning the analysis of data to determine why Defendant was losing students during training (Id., ¶ 5). Defendant represents that this information is "highly sensitive proprietary and competitive business information [that] is of little significance to the public" (Id., ¶ 5). Plaintiff does not oppose the motion (Id., at 4).

"The filing of documents under seal is disfavored by the Court." Graphic Packaging International, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Engineering, Inc., 960 F.2d 1013, (11th Cir. 1992). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a

common-law right to inspect and copy the information. In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987). "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., No. CIV.1:96-cv-3052-WCO, 184 F.Supp.2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litigation, 820 F.2d at 356. Factors the Court may consider in determining the existence of good cause include: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." Id. (quoting Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1205 (11th Cir. 1985).

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its

decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246.

The Court accepts Defendant's representations concerning the highly sensitive nature of the information in question. The Court is also persuaded that the public has little interest in the information and that there is no less onerous alternative to sealing. This case is between private parties, and the information to be sealed does not concern the operations of government or public officials. On this record the Court finds that Defendant has shown good cause to seal the information and, that Defendant's interest in protecting the information outweighs the public's right of access. Accordingly, the motion is **GRANTED**. Defendant shall file a redacted version of the People Department Recommendation and Findings on the public docket and deliver the unredacted document to the Clerk for filing **UNDER SEAL**. The unredacted document shall remain under seal for one year from the entry of this Order. Any party may motion the Court to extend the seal at any time before it expires.

**DONE** and **ORDERED** in Orlando, Florida on July 23, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record